[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11820

_____

D.C. Docket No. 1:13-cv-00509-MHC

ANDREA IDE,
on behalf of herself and all other persons
similarly situated, known and unknown,

Plaintiff - Appellant,

versus

NEIGHBORHOOD RESTAURANT PARTNERS, LLC,
APPLE CREEK MANAGEMENT CO., INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 1, 2016)

Before WILSON, WILLIAM PRYOR, and GILMAN,[*] Circuit Judges.

PER CURIAM:

Andrea Ide filed suit against Apple Creek Management Company, Inc. and Neighborhood Restaurant Partners, LLC (collectively, the Defendants) on behalf of herself and similarly situated tipped employees of the Defendants "for Defendants' failure to pay [those servers, bartenders, and hosts] earned minimum wages." Ide argued, in relevant part, that (1) the Defendants should bear the burden of proving that the Defendants were entitled to take the "tip credit" under Section 3(m) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(m), and (2) Ide and similarly situated tipped employees should not have been paid at the tip-credit wage rate for performing duties of non-tipped occupations unrelated to their tipped occupations. The district court denied Ide's motion for conditional certification of a collective action under the FLSA and subsequently granted summary judgment to the Defendants. Ide appeals both rulings.

After thorough review of the record and the parties' briefs, and having had the benefit of oral argument, we find insufficient evidence in the record that Ide performed duties unrelated to her tipped occupation for which she was not properly compensated, irrespective of who bore the burden of proof. *See* 29 U.S.C. §§ 203(m), (t), 206(a)(1); 29 C.F.R. § 531.56(e); *see also Fast v. Applebee's Int'l,*

---

[*] Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

*Inc.*, 638 F.3d 872, 876–79 (8th Cir. 2011).  Thus, Ide's arguments regarding conditional certification under 29 U.S.C. § 216(b) are moot.  Accordingly, we affirm.

**AFFIRMED.**